## IN THE COURT OF APPEALS OF IOWA

No. 17-0557
Filed October 11, 2017

**IN THE INTEREST OF T.M. and C.M.,**
**Minor Children,**

**B.W., Mother,**
        Pettioner-Appellee,

**T.M., Father,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R.

Rosenbladt, Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**



        Amy M. Moore of Mid-Iowa Mediation & Law, P.L.L.C., Ames, for

appellant.

        Richard N. Tompkins Jr. of Tompkins Law Office, Mason City, for

appellee.

        William T. Morrison of Morrison Law Firm, P.C., Mason City, guardian ad

litem for minor children.



        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights to T.M. and C.M.[1] Because there is clear and convincing evidence the father abandoned his children, as that term is used in Iowa Code sections 600A.2(19) and 600A.8(3)(b), and because termination is in the children's best interests, we affirm.

We review termination proceedings under chapter 600A de novo. *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). "We give deference to the factual findings of the juvenile court, especially those relating to witness credibility, but we are not bound by those determinations." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). Our paramount consideration is the best interests of the child. Iowa Code § 600A.1.

A parent's rights may be terminated for abandoning a child. *Id.* § 600A.8(3). To abandon a child "means that a parent . . . rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person . . . making only a marginal effort to provide for the support of the child or to communicate with the child." *Id.* § 600A.2(19).

Section 600A.8(3)(b) provides further that a child older than six months is "deemed abandoned"

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward

---

[1] The father does not appeal the termination of his parental rights pursuant to Iowa Code section 600A.8(5) (2017) to twins born to the mother and deemed his children by virtue of the fact the mother and father remained married; the father acknowledged he is not their biological father and did not object to the termination of his parental rights as to them.

support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.

(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

The father and the mother were married in 2009 and remain married, though they separated several years ago. They share two biological children, T.M., born in 2008, and C.M., born in 2012. It is uncontested that the father has not seen T.M. and C.M. since March 2015.[2] This visit occurred when the mother took the children to Missouri to see their father. The father asserts the mother has prevented him from visiting or communicating with the children since then, but the juvenile court specifically found the mother the more credible of the two parents and that she has *not* prevented the father from having visitation. The record supports that finding, particularly when we give the deference to the trial court's determination that the mother was more credible.

The juvenile court also determined—and on our review, there is clear and convincing evidence that—the father has maintained no monthly visitation with either of these children,[3] has not maintained regular communication with either of these children, has not lived with either of the children for a period of six months within the one-year period immediately preceding the termination hearing, and has provided no financial support to these two children or the mother since the spouses separated. Moreover, the court found that while the father may have

[2] The father's brief references his last visits as being in 2013.
[3] The father also has two children who live in Florida with their mother, and he has a child with his paramour with whom he lives in Missouri.

financial issues, he is able to visit these children, noting the father found funds to visit his two oldest children in Florida and to own and operate a four-wheeler. Termination of the father's parental rights pursuant to section 600A.8(3)(b) is supported by clear and convincing evidence.

We must still determine whether termination is in the children's best interests. *See In re H.S.*, 805 N.W.2d 737, 747 (Iowa 2011) (noting chapter 600A "has its own '[best] interests' test" found in section 600A.1). Section 600A.1 provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Because the father has not demonstrated a genuine effort to maintain communication or a place of importance in the lives of these two children, we conclude it is in the children's best interests to terminate his parental rights. We affirm.

The mother requests appellate attorney fees but has provided no authority for such a request or accompanying attestation of attorney fees. We deny the request.

**AFFIRMED.**